IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP DELPALAZZO, <br><br> Plaintiff, <br><br> v. <br><br> HORIZON GROUP HOLDING, LLC, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 19-5682-KSM |

MEMORANDUM

**MARSTON, J.**                                                                                             **April 20, 2021**

      This case has been plagued by discovery delays for much of the last year. As a result, the Court has held numerous status conferences with counsel for both parties and entered multiple orders extending the discovery deadline, each time warning counsel that discovery needed to move forward and that the Court was not inclined to grant additional extensions. (*See, e.g.*, Doc. No. 28 at p. 1 n.1, Amended Scheduling Order (noting that the parties previously allowed the discovery deadline to expire and that the Court "will not extend the discovery deadline again"); Doc. No. 37 (denying a motion to extend the discovery deadlines where the parties allowed nearly all of the case management deadlines to expire and provided "no justification for waiting so long to request an extension").)

      Following one such conference, the Court entered the operative Second Amended Scheduling Order on February 23, 2021. (*See* Doc. No. 39 (extending the discovery deadline after a conference warning the parties that the Court would not extend the case management deadlines again).) The Order states that all "fact discovery shall be completed no later than **March 29, 2021**" and that motions for summary judgment "shall be filed no later than **April 19,**

**2021**."¹  (*Id.* at ¶ 2.)  At 5:10 p.m. on March 29, 2021, Plaintiff Philip DelPalazzo, for the first time, served written discovery — including interrogatories, requests for admission, and requests for production of documents — on Defendant Horizon Group Holding, LLC.  (*See* Doc. No. 58 at pp. 9–41, Ex. A; Doc. No. 63-3 at p. 2.)  Plaintiff also noticed three depositions to take place in mid-April, including a corporate designee deposition for April 19, 2021 — the deadline for submitting summary judgment motions.  (*See* Doc. No. 58 at pp. 42–49; Doc. No. 63-3 at p. 2.)

Defendant has moved for a protective order, arguing that it should not be required to respond to Plaintiff's requests or to comply with the deposition notices because they seek discovery beyond the deadline.  (*See generally* Doc. No. 58.)  Plaintiff does not argue that the requests were timely, nor does he seek an extension of the discovery deadline.  Instead, he argues that Defendant is prohibited from objecting to the requests on timeliness grounds because Defendant also served untimely discovery requests.²  (*See generally* Doc. No. 63.)  For the reasons discussed below, we will grant Defendant's motion.

---

¹ In the Court's initial Scheduling Order, the discovery deadline was May 22, 2020, and the summary judgment deadline was June 5, 2020.  (*See* Doc. No. 13.)

² In opposition, Plaintiff's counsel included only a paragraph-by-paragraph response admitting or denying each paragraph in Defendant's motion.  (*See* Doc. No. 63.)  Counsel did not include a memorandum of law or cite legal authority in support of Plaintiff's position, in violation of this Court's local rules.  *See* E.D. Pa. L.R. 7.1(c) ("[A]ny party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate . . . ."); *Tata v. Lindcrest Apartments*, Civil Action No. 06-CV-00798, 2008 WL 11515275, at *1 n.1. (E.D. Pa. Oct. 9, 2008) ("Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice.  Any brief in opposition or any other memorandum of law that is lacking even a modicum of these elements is woefully insufficient and inexcusable." (quotation marks omitted)).  We could, therefore, grant Defendant's motion as unopposed.  *See, e.g.*, *Shaw v. Nat'l R.R. Passenger Corp.*, Civil Action No. 13-7351, 2014 WL 1302055, at *3 (E.D. Pa. Apr. 1, 2014) (granting the defendant's motion to dismiss as uncontested where the plaintiff's "opposition does not contain citations to legal authority or any legal analysis" in violation of Local Rule 7.1(c)).

I.

Under Federal Rule of Civil Procedure 26(c)(1), the Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery" sought by the opposing party.  Fed. R. Civ. P. 26(c)(1)(A).  In addition, on "motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that" the discovery is "unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

II.

Defendant argues that Plaintiff's voluminous discovery requests are untimely because despite having more than a year to serve his requests, Plaintiff waited until the last day of the discovery period.  We agree.

The Federal Rules of Civil Procedure state that a party must respond within 30 days of being served with interrogatories, requests for production of documents, or requests for admission.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).  Courts in this and other Circuits have interpreted these provisions as requiring that discovery requests "be served at least thirty days prior to a completion of discovery deadline."  *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003); *see also Brooks v. Johnson & Johnson, Inc.*, CIV. A. No. 88-5010, 1990 WL 92569, at *1 (E.D. Pa. June 28, 1990) ("Any request for discovery must be made in sufficient time to allow the answering party to respond before the termination of discovery."); *Whitman v. Proconex, Inc.*, Civ. A. No. 08-2667, 2009 WL 113740, at *4 (E.D. Pa. Jan. 14, 2009) (holding that in the "absence of a stipulation between the parties that a shorter response time be permitted,

3

'requests must be served at least thirty days prior to completion of the discovery deadline'" (quoting *Thomas*, 324 F.3d at 1179)).  Because Plaintiff's discovery requests were served after the close of business on the deadline for fact discovery, they are untimely, and the Court will not compel Defendant's response.  *See, e.g.*, *Nowell v. Reilly*, 437 F. App'x 122, 125 (3d Cir. 2011) ("By propounding discovery requests and interrogatories only nineteen days before the close of discovery, Nowell did not provide Defendants with the thirty days to which they were entitled under Rule 34(b)(2)(A)."); *NE Techs., Inc. v. Evolving Sys., Inc.*, Civil Action No. 06-6061(MLC), 2008 WL 4277668, at *6 (D.N.J. Sept. 12, 2008) ("[T]he Court finds that Plaintiff's request within sixteen days of the deadline for discovery requests is not considered timely and therefore the motion to compel Defendants to produce the outstanding discovery is DENIED.").

Similarly, Plaintiff's deposition notices seek to depose witnesses after the fact discovery deadline, but he has not sought an extension of that deadline or argued that there is good cause for granting an extension.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified *only for good cause and with the judge's consent*." (emphasis added)); *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221–22 (3d Cir. 2014) ("To obtain an extension of a discovery deadline, a movant must show 'good cause' under Fed. R. Civ. P. 16(b)(4), which includes both an explanation of why more time is needed and a showing that the movant diligently sought the discovery she now seeks to secure beyond the deadline."); *see also* Fed. R. Civ. P. 16, advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

Even if Plaintiff had requested an extension, the Court is doubtful that he could show good cause, given his counsel's less-than-diligent efforts to date.  (*See* Doc. No. 50 (recounting

issues and ordering Plaintiff's counsel to show cause why they should not be sanctioned for, among other things, "failing to diligently, competently, and zealously prosecute this action on behalf of their client").) *See Walker*, 558 F. App'x at 222 (finding that "the District Court appropriately exercised its discretion to deny" the plaintiff's request to extend the discovery deadline to allow an additional deposition because the plaintiff was aware of the third party's "role in the investigation of her internal complaint from the time she filed it" and the "record does not show why she should have been excused from being more diligent in securing [the] deposition"); *Rosetsky v. Nat'l Bd. of Med. Exam'rs of U.S., Inc.*, 350 F. App'x 698, 702 (3d Cir. 2009) (affirming district court's refusal to extend discovery deadlines when "[r]ather than attempting to work within the sixty-day discovery schedule set by the district court, [the plaintiff's] counsel waited until the eve of the deadline to notice any depositions"); *see also Darrah v. V.I. ex rel. Juan F. Luis Hosp.*, Civil Action No. 2009-068, 2011 WL 6181352, at *5 (D.V.I. Dec. 13, 2011) (denying request to extend discovery deadline where the plaintiff noticed depositions to take place after the discovery deadline); *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 50 V.I. 727, 739–40 (D.V.I. 2008) (denying the plaintiff's motion to extend the fact discovery deadline for lack of diligence where the plaintiff, among other things, delayed noticing depositions, including 30(b)(6) depositions, until the end of the discovery period).

Indeed, despite the Court's repeated warnings that discovery needed to move forward and that it would not continue to extend the discovery deadlines, Plaintiff's counsel waited until the *night of the discovery deadline* to serve discovery requests and notice depositions. *See* Fed. R. Civ. P. 26(b)(2)(C) (requiring the court, either on a "motion or on its own," to limit the "extent of discovery otherwise allowed . . . if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). Plaintiff has not

5

explained why he did not seek this information earlier despite the Court's urgings. *See Whitman*, 2009 WL 113740, at *4 ("Defendant does not explain why it waited until the last day of discovery to seek this information . . . . Defendant is not entitled to information that is the subject of an untimely discovery request and that Defendant could have sought easily earlier in the discovery period. Accordingly, we will not compel Plaintiff to sign the medical record authorizations."); *Williams v. Little Rock Mun. Water Works*, 155 F.R.D. 188, 189 (E.D. Ark. 1993) (denying motion to compel discovery requests that "were not propounded in time for the responses to be due before the discovery cutoff" because the parties "had ample time and opportunity for discovery; there have been three discovery cutoff dates since the lawsuit was filed, including one extension at the plaintiff's request").

Finally, the Court is not persuaded by Plaintiff's argument that he may seek untimely discovery merely because Defendant served untimely supplemental discovery requests. For one, Defendant withdrew its supplemental requests. (*See* Doc. No. 58 at p. 51.) More importantly, and as discussed above, Plaintiff would still need the Court's consent to amend the deadlines in the Second Amended Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4). Plaintiff has not requested an extension or otherwise suggested that one is warranted.

### III.

For the reasons discussed above, Defendant's motion is granted. Plaintiff's untimely March 29, 2021 discovery requests and deposition notices are quashed.

An appropriate order follows.